RECEIVED

OCT 07 2026

Clerk, U S District Court
District Of Montana
Butte, Montana

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

**LEE CARLSON, AMY K. KURK, ANTHONY SMITH, and MARGAUX GRACE VAN INWEGEN,**

Plaintiffs,

v.

**SERGEANT BRADEN PETERSON, OFFICER LUCAS CHAFFINS, OFFICER ALEXANDER DERRICK, OFFICER KYLE HODGES, OFFICER KENNETH BRIDGE, BEN BAILEY (in his individual capacity), THE CITY OF BOZEMAN, SHERIFF DAN SPRINGER (in his official capacity), GALLATIN COUNTY COMMISSIONERS, and GALLATIN COUNTY,**

Defendants.

**FIFTH AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*(Pursuant to 42 U.S.C. §§ 1983, 1988, and Montana State Law)*

## I. PARTIES

1. **Plaintiff Lee Carlson ("Sunny"):** A Cheyenne native and resident of Montana; victim of excessive force, less-lethal munitions deployment, falsification of police records, evidence manipulation, and severe post-arrest medical neglect during hospitalization and subsequent county detention.
2. **Plaintiff Amy K. Kurk:** Resident of Bozeman, MT, suing individually and as the common-law spouse of Plaintiff Lee Carlson; subjected to First Amendment retaliation by municipal officials for her public advocacy at City Commission meetings, and suffering loss of consortium, companionship, and emotional distress resulting from the unlawful actions taken against her husband.
3. **Plaintiff Anthony Smith:** Whistleblower, community advocate, and resident of Bozeman, MT; subjected to direct First Amendment retaliation, arbitrary permit denials, towing of personal vehicles, and equal protection violations.
4. **Plaintiff Margaux Grace Van Inwegen:** Resident residing adjacent to the alley incident scene; subjected to unlawful police action, severe shock, and intentional infliction of emotional distress during the officers' violent encounter with Plaintiff Carlson.
5. **Law Enforcement Defendants (Individual Capacity):** Sergeant Braden Peterson, Officer Lucas Chaffins, Officer Alexander Derrick, Officer Kyle Hodges, and Officer Kenneth Bridge, sued in their individual capacities under color of state law for physical assault, unlawful force, and falsification of official records.

Aimey

6. **Code Compliance Defendant (Individual & Official Capacity):** Defendant Ben Bailey, sued in his individual capacity for personal acts of First Amendment retaliation, discriminatory permit denials, ordering the towing of Plaintiff Smith's vehicles, and ordering the destruction of the shelter built for Plaintiff Carlson, and in his official capacity as Neighborhood Services and Code Compliance Program Manager for the City of Bozeman.
7. **Municipal Monell Policy Defendants (Official/Corporate Capacity):** Defendant City of Bozeman, a municipal corporation. Municipal liability under *Monell v. Department of Social Services* is predicated on the official actions, deliberate indifference, and customs established by its key policy-makers and executive leadership, including City Manager Chuck Winn, Chief of Police Jim Veltkamp, City Attorney Greg Sullivan, Mayor Joey Morrison, Deputy Mayor Douglas Fischer, Commissioners Emma Bode, Alison Sweeney, Jennifer Madgic, and former Mayor Terry Cunningham.
8. **Detention & County Defendants:** Gallatin County Sheriff Dan Springer (sued in his official capacity), Gallatin County Commissioners, and Gallatin County, responsible for the operation, medical care policies, and administration of the Gallatin County Jail.

## II. COMPREHENSIVE STATEMENT OF FACTS

### A. The Alleyway Incident & Falsification of Evidence

9. On October 7, Plaintiff Lee Carlson, suffering from diagnosed rectal polyps causing active internal bleeding, sought shelter in an alley to examine his severe medical condition near a fence and trash receptacle.
10. Defendant Officers Braden Peterson, Lucas Chaffins, Alexander Derrick, Kyle Hodges, and Kenneth Bridge encountered Plaintiff Carlson while his pants were lowered due to his medical state.
11. Without identifying themselves as law enforcement officers, Defendant Officers began shouting commands at Plaintiff Carlson. Distressed and unaware of who was shouting, Carlson attempted to pull up his clothing.
12. For three minutes, Defendant Officers deployed bean bag munitions and less-lethal weapons at Plaintiff Carlson.
13. Plaintiff Carlson complied by remaining prone on his wounds with his hands placed behind his back for over 20 seconds while officers threatened to use lethal force.
14. Upon asking who they were and learning they were police officers, Plaintiff Carlson's posture immediately became cooperative, and he requested emergency medical assistance.
15. Defendant Officers searched Plaintiff Carlson for weapons at the scene and located no active weapons. To administer emergency life-saving measures, officers stripped Plaintiff Carlson naked and applied a chest seal to minimize his severe bleeding.
16. While hospitalized for life-saving care, an X-ray revealed a hunting knife on Plaintiff Carlson's side under circumstances strongly indicating officers planted the object to manufacture justification for their excessive use of force.
17. Eyewitnesses, including the initial 911 caller, explicitly informed Defendant Sergeant Braden Peterson that Plaintiff Carlson was never aggressive and held no weapon in a threatening manner.

18. Despite witness statements, Defendant Sergeant Braden Peterson and fellow responding officers filed official police reports falsely asserting that Plaintiff Carlson actively threatened citizens with a knife, obstructing justice and preventing legal representation.

**B. Municipal Retaliation & Constitutional Violations**

19. Beginning in July, Plaintiffs Anthony Smith and Amy K. Kurk addressed the Bozeman City Commission—putting key municipal policy-makers including City Manager Chuck Winn, Police Chief Jim Veltkamp, City Attorney Greg Sullivan, Mayor Joey Morrison, Deputy Mayor Douglas Fischer, Commissioners Emma Bode, Alison Sweeney, Jennifer Madgic, and former Mayor Terry Cunningham on direct notice—demanding accountability and emergency housing support for Plaintiff Carlson.
20. Plaintiffs built a volunteer shelter for Plaintiff Carlson to provide safety and stabilization. In response, Defendant Ben Bailey (Neighborhood Services and Code Compliance Program Manager), acting in concert with municipal leadership, actively retaliated against Plaintiffs by destroying the volunteer-built shelter, repeatedly ordering the towing of Plaintiff Smith's personal vehicles, and arbitrarily denying camping permits to Plaintiff Smith.
21. Defendant Ben Bailey and municipal leadership systematically extended property accommodations and permit allowances to other individuals while intentionally withholding identical privileges from Plaintiffs Carlson, Smith, and Kurk due to their public opposition to police misconduct.

**C. Medical Neglect During Hospitalization and Detention**

22. Following the encounter, Plaintiff Carlson spent months in the hospital fighting for his life, during which he initially flatlined in surgery and had to be brought back to life by medical personnel administering two gallons of blood.
23. During this extended hospital stay, hospital staff neglected Plaintiff Carlson to the point that he developed a severe bedsore on the back of his head.
24. Over a year later, while detained at the Gallatin County Detention Center under the authority of Sheriff Dan Springer and Gallatin County, Plaintiff Carlson's profound medical needs were systematically ignored. Rather than receiving the higher-level nursing home care and medical accommodations his fragile condition required, Plaintiff Carlson was housed as a standard inmate, denied necessary medication, denied proper medical bedding—leaving him cold every night—and deprived of basic dignity and care for his ongoing wounds.

**D. Impact on Nearby Residents**

25. During the violent encounter, Defendant Officers created an atmosphere of extreme danger and severe intimidation, directly causing severe emotional shock, trauma, and distress to Plaintiff Margaux Grace Van Inwegen in her neighboring residence.

## III. CAUSES OF ACTION

- **COUNT I: 42 U.S.C. § 1983 – Excessive Force & Unlawful Seizure (Fourth Amendment)**

  *(Plaintiff Carlson v. Sgt. Braden Peterson, Officers Chaffins, Derrick, Hodges, and Bridge)*

- **COUNT II: 42 U.S.C. § 1983 – Retaliation for Protected Speech (First Amendment)**

  *(Plaintiffs Smith and Kurk v. Ben Bailey in his individual capacity)*

- **COUNT III: 42 U.S.C. § 1983 – Equal Protection / "Class of One" (Fourteenth Amendment)**

  *(Plaintiffs Carlson, Smith, and Kurk v. Ben Bailey and City of Bozeman)*

- **COUNT IV: 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs (Fourteenth Amendment)**

  *(Plaintiff Carlson v. Sheriff Dan Springer, Gallatin County Commissioners, and Gallatin County)*

- **COUNT V: 42 U.S.C. § 1983 – Monell Custom/Policy Liability (Falsification & Unconstitutional Conditions)**

  *(All Plaintiffs v. City of Bozeman and Gallatin County)*

- **COUNT VI: Montana State Law Torts – Battery, Assault, Unlawful Seizure/Conversion, & IIED**

  *(All Plaintiffs v. Respective Individual Defendants and Municipal Entities)*

- **COUNT VII: Montana State Law – Loss of Consortium**

  *(Plaintiff Amy K. Kurk v. All Defendants)*

## IV. PRAYER FOR RELIEF

Aimee AK

**WHEREFORE**, Plaintiffs Lee Carlson, Amy K. Kurk, Anthony Smith, and Margaux Grace Van Inwegen respectfully request that this Court enter judgment in their favor and against Defendants Sergeant Braden Peterson, Officer Lucas Chaffins, Officer Alexander Derrick, Officer Kyle Hodges, Officer Kenneth Bridge, Ben Bailey, the City of Bozeman, Sheriff Dan Springer, Gallatin County Commissioners, and Gallatin County, granting the following relief:

1. **Compensatory Damages:** An award of compensatory damages in an amount to be determined at trial to fully compensate Plaintiffs for physical injuries, severe pain and suffering, life-threatening medical emergencies, bedsore complications, psychological

trauma, loss of personal property and vehicles, emotional distress, loss of consortium, and loss of constitutional rights resulting from Defendants' unlawful conduct;

2. **Special Damages:** An award for all past, present, and future medical expenses, clinical rehabilitation costs, and necessary long-term care accommodations incurred by Plaintiff Lee Carlson as a direct result of Defendants' physical assault, evidence manipulation, and post-arrest medical neglect;
3. **Punitive Damages:** An award of punitive damages against Defendants Sergeant Braden Peterson, Officer Lucas Chaffins, Officer Alexander Derrick, Officer Kyle Hodges, Officer Kenneth Bridge, and Ben Bailey in their individual capacities, in an amount sufficient to punish their willful, malicious, retaliatory, and reckless disregard for Plaintiffs' clearly established constitutional rights;
4. **Declaratory Relief:** A judicial declaration that the acts, customs, practices, and selective permit enforcement policies executed by Defendants violated the Fourth, First, and Fourteenth Amendments to the United States Constitution;
5. **Injunctive Relief:**
   - An order enjoining the City of Bozeman, Ben Bailey, and municipal officials from engaging in retaliatory permit denials, illegal vehicle impounds, or shelter destruction targeted at individuals exercising First Amendment rights;
   - An order strictly prohibiting Sheriff Dan Springer, Gallatin County officials, and county law enforcement agents from engaging in any retaliatory actions, harassment, illegal surveillance, or adverse treatment against Plaintiffs Amy K. Kurk, Anthony Smith, Lee Carlson, or Margaux Grace Van Inwegen;
   - An order mandating an independent, comprehensive audit and overhaul of inmate medical evaluation, emergency escalation procedures, and bedding accommodations at the Gallatin County Detention Center;
6. **Attorney's Fees and Costs:** An award of reasonable attorney's fees, expert witness fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54, and applicable state law; and
7. **Further Relief:** Such other and further relief, both legal and equitable, as this Court deems just, proper, and equitable under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues and claims so triable pursuant to Federal Rule of Civil Procedure 38(b).

## PLAINTIFF VERIFICATION AND SIGNATURE BLOCKS

Under 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing factual allegations contained in this Fifth Amended Complaint are true and correct to the best of my knowledge, information, and belief.

DATED this ______ day of ____________________, **20**.

Respectfully submitted,

Plaintext

LEE CARLSON ("Sunny"), Plaintiff Pro Se
Billings Rehab & Nursing
607 S. 27th Room D6
Billings, MT 59101
Phone: (406) 259-8000
Email: none

Plaintext

10/2/26
Aimee Kurk
AK

~~AMY K. KIRK~~, Plaintiff Pro Se
2007 Wheat Drive, Unit P
Bozeman, MT 59715
Phone: (406) 219-6097
Email: aimeekurk78@gmail.com

Plaintext

ANTHONY SMITH, Plaintiff Pro Se
PO Box 1466
Belgrade, MT 59714
Phone: (406) 209-0350
Email: anthonyb.smith71@gmail.com

Plaintext

MARGAUX GRACE VAN INWEGEN, Plaintiff Pro Se
1915 Parade Drive
Brentwood, TN 37027
Phone: (406) 920-5103
Email: Emvanbeast@icloud.com